IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.     19-CR-00488-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

RICHARD HOLZER,

       Defendant.

---

### SECOND UNOPPOSED MOTION TO EXCLUDE TIME FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT

---

Mr. Richard Holzer, by and through his counsel Mary V. Butterton, hereby moves this Court for an Order to exclude an additional 120 days from the Speedy Trial Act computations and set the motions filing and trial dates accordingly. In support thereof, he states as follows:

### PROCEDURAL HISTORY

1. On November 4, 2019, Mr. Holzer was arrested pursuant to a criminal complaint and warrant for his arrest. Docs. 1-3. On November 21, 2019, he was indicted on three charges: Attempt to Obstruct Persons in the Enjoyment of Their Free Exercise of Religious Beliefs Through Force and the Attempted Use of Explosives and Fire, in violation of 18 U.S.C. § 247(a)(2) and (d)(3), Attempt to Damage and Destroy a Building Used in Interstate Commerce by Means of Fire and Explosives, in violation of 18 U.S.C. § 844(i), and Use of Fire and Explosives to Commit a Felony Which May Be Prosecuted by a Court of the United States, in violation of 18 U.S.C. § 844(h)(1). Doc. 15.

2.      On December 5, 2019, Mr. Holzer filed an Unopposed Motion to Exclude 180 Days from the Requirements of the Speedy Trial Act. Doc. 22. This motion was based, in part, on the volume of the initial discovery disclosure and the anticipation of several hundred thousand pages of records relating to Mr. Holzer's Facebook account and cell phone. *Id.* The initial disclosure included 259 audio and video files, which range in length from less than a minute to over two hours in length.

3.      The Court granted that Motion on December 16, 2019. Doc. 25. On that same date, the Court set a jury trial for the week of July 13, 2020; the Court set a 404(b) Disclosure deadline of April 1, 2020 and a motions deadline of April 15, 2020.

4.      Discovery production has been ongoing since December 2019. In late December, counsel received a hard drive with pole camera footage; that hard drive contains 337 gigabytes of data covering approximately one month of continuous video footage. On January 2, 2020, counsel received approximately 20 "archive" files from Mr. Holzer's Facebook accounts; these files are in a HTML format (meaning, they must be viewed through a web browser) and contain several years' worth of Facebook data from five different accounts, including images, audio, and video media. Due to the format of HTML files, this data is not Bates-stamped. In late January, counsel received 532,670 PDF pages corresponding to the archived Facebook data (not including, of course, any audio or video media). Counsel also received two Cellbrite reports containing information from two cell phones. Finally, on February 25, 2020, counsel received an additional 280 gigabytes of Facebook data, some of which is likely duplicative with previous disclosures. Undersigned counsel has spoken with Assistant United States Attorney Julia Martinez, who has indicated that the majority of discovery has now been disclosed, except one additional outstanding Cellbrite report.

5. Additionally, defense counsel is in ongoing consultation with potential expert witness(es). These consultations require potential experts to review voluminous records and discovery, each of which number in the thousands of pages.

6. Defense counsel has reviewed all of the substantive documentary discovery and most of the video/audio discovery thus far received. Defense counsel has begun review of the Facebook discovery but has not yet completed that review.

## LAW REGARDING REQUESTS FOR CONTINUANCES

7. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

8.   In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

9.   Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

10.   The ends of justice served by this requested delay outweigh the best interest of the public and the defendant. Proceeding within the current time requirements would deny counsel for Mr. Holzer the reasonable time necessary for effective preparation. Counsel does not yet have all discovery, and the discovery received is incredibly voluminous. Review of the Facebook data alone will require dozens of hours, particularly in light of the tricky format of the HTML multimedia records. Only after that review is complete can counsel fully analyze the case, advise Mr. Holzer as to his options, and prepare for motions and trial.

11.   Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

12.   First, counsel has been diligent in her review of the discovery and in the timeliness of this request. Defense counsel has begun review of the discovery received. Further, defense counsel has shown diligence in this request by making it well before the expiration of the Speedy Trial "clock" and well before the motions filing deadline.

13. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding an additional 120 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery, including discovery not yet received, and also evaluate that discovery for potential pre-trial motion issues and the need for further investigation. Further, this extension will allow the defense team to complete a thorough consultation with potential expert(s), who themselves need to review relevant records and discovery. A thorough evaluation of both the discovery and potential expert opinions is necessary to advise the defendant as to his options and potential strategies for defense; and ideally should be completed well before any motions-filing deadline set by this Court. This 120-day continuance would allow defense counsel time to review all discovery, evaluate the need for experts, and complete investigation, all of which are necessary to providing the defendant with full and effective assistance of counsel.

14. Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorney Julia Martinez has indicated that she does not oppose this motion, and have no known issues with witness availability or scheduling.

15. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

/ / /

## **CONCLUSION**

Wherefore, Mr. Richard Holzer, through his counsel, respectfully requests this Court for an Order excluding an additional 120 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Mr. Holzer

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2020, I electronically filed the foregoing

**SECOND UNOPPOSED MOTION TO EXCLUDE TIME
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Julia Martinez, Assistant U.S. Attorney
Email: julia.martinez@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Richard Holzer (Via U.S. Mail)

s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Osmany Hernandez