IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    19-CR-00488-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

RICHARD HOLZER,

       Defendant.

---

**THIRD UNOPPOSED MOTION TO EXCLUDE ADDITIONAL TIME
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

Mr. Richard Holzer, by and through his counsel Mary V. Butterton, hereby moves this Court for an Order to exclude an additional 90 days from the Speedy Trial Act computations and set the motions filing and trial dates accordingly. In support thereof, he states as follows:

## PROCEDURAL HISTORY

1.    On November 4, 2019, Mr. Holzer was arrested pursuant to a criminal complaint and warrant for his arrest. Docs. 1-3. On November 21, 2019, he was indicted on three charges: Attempt to Obstruct Persons in the Enjoyment of Their Free Exercise of Religious Beliefs Through Force and the Attempted Use of Explosives and Fire, in violation of 18 U.S.C. § 247(a)(2) and (d)(3), Attempt to Damage and Destroy a Building Used in Interstate Commerce by Means of Fire and Explosives, in violation of 18 U.S.C. § 844(i), and Use of Fire and Explosives to Commit a Felony Which May Be Prosecuted by a Court of the United States, in violation of 18 U.S.C. § 844(h)(1). Doc. 15.

2.       On December 5, 2019, Mr. Holzer filed an Unopposed Motion to Exclude 180 Days from the Requirements of the Speedy Trial Act. Doc. 22. This motion was based, in part, on the volume of the initial discovery disclosure and the anticipation of several hundred thousand pages of records relating to Mr. Holzer's Facebook account and cell phone. *Id.* The initial disclosure included 259 audio and video files, which range in length from less than a minute to over two hours in length. The Court granted that Motion on December 16, 2019. Doc. 25.

3.       On February 28, 2020, Mr. Holzer filed a Second Unopposed Motion to Exclude 120 Days from the Requirements of the Speedy Trial Act. Doc. 27. This motion was also based on voluminous new discovery, including gigabites of social media discovery and Cellbrite reports, and in part on the defense consultation with potential expert(s). *Id.* That Motion was granted on March 4, 2020. Doc. 28. The jury trial was reset to November 2, 2020 with a motions filing deadline of August 3, 2020. *Id.*

4.       As previously referenced in her prior motion, defense counsel has been in ongoing consultation with potential expert witness(es). These consultations require experts to review voluminous records and discovery, each of which number in the thousands of pages. Additionally, these consultations require in-person meetings with experts, defense counsel, and Mr. Holzer. One such meeting was scheduled for the week of March 23, 2020, for which a potential expert was scheduled to fly to Denver for consultation. That meeting was delayed due to the risks posed by the worldwide COVID-19 pandemic, which made many regular business practices- including air travel and court proceedings- dangerous and impracticable.

5.       Undersigned counsel has been in consistent contact with the potential expert since late March to reassess the safety of air travel and in-person meetings with Mr. Holzer in a detention

facility.[1] Undersigned counsel received information this week that due to personal risk factors, the potential expert has no timeline for when they will be able to safely travel or enter a detention facility.

6. Defense counsel is now actively engaged in discussions with other potential experts to provide the necessary consultations required for effective advocacy on behalf of Mr. Holder. These consultations are required to prepare for potential trial defenses and pretrial motions, as well as to engage in fully-informed negotiations for possible resolution short of trial.

7. The current motions deadline of August 3, 2020 will not allow Mr. Holzer sufficient time to complete these expert consultations and prepare relevant pretrial motions.[2] Undersigned counsel is in discussion with local expert(s) who will be able to perform all requested tasks without air travel. Once they are retained, s/he will need time to conduct the records review and any necessary meetings with counsel and/or Mr. Holzer. Counsel believes that 90 days is sufficient time to complete that process and the follow up tasks required.

## LAW REGARDING REQUESTS FOR CONTINUANCES

8. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C.

---

[1] Mr. Holzer is currently held in a local jail which has suffered a COVID-19 outbreak in recent weeks.
[2] Although the Order granting the Second Unopposed Motion to Exclude Time (Doc. 28) does not specifically delineate deadlines for 404(b) disclosures, both undersigned counsel and the Government understood the Court to intend to set that deadline 30 days before the Motions Filing Deadline of August 3, 2020.

§ 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

9. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

10. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

11. The ends of justice served by this requested delay outweigh the best interest of the public and the defendant. Proceeding within the current time requirements would deny counsel for Mr. Holzer the reasonable time necessary for effective preparation. Effective representation of Mr.

Holzer requires consultation with expert witness(es), both for trial preparation and motions strategy. The COVID-19 pandemic has delayed in-person meetings and travel required for this consultation for the past several months; proceeding without these necessary meetings will undermine Mr. Holzer's defense and would render counsel ineffective.

12.     Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

13.     First, counsel has been diligent in case-related tasks and in the timeliness of this request. The defense team has reviewed all substantive discovery and is well into review of the voluminous social media-related documents. Further, defense counsel has shown diligence in this request by making it well before the expiration of the Speedy Trial "clock" and well before the motions filing deadline.

14.     Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding an additional 90 days from the requirements of the Speedy Trial Act will allow the defense team to complete a thorough consultation with potential expert(s), who themselves need to review relevant records and discovery. A thorough evaluation of both the discovery and potential expert opinions is necessary to advise the defendant as to his options and potential strategies for defense; and ideally should be completed well before any motions-filing deadline set by this Court. This 90-day continuance would allow defense counsel time have these important consultations and complete investigation, both of which are necessary to providing the defendant with full and effective assistance of counsel.

15.     Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorney Julia Martinez has indicated that she does not oppose this motion, and have no known issues with witness availability or scheduling.

16. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

/ / /

## **CONCLUSION**

Wherefore, Mr. Richard Holzer, through his counsel, respectfully requests this Court for an Order excluding an additional 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Mr. Holzer

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, I electronically filed the foregoing

**THIRD UNOPPOSED MOTION TO EXCLUDE ADDITIONAL TIME
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Julia Martinez, Assistant U.S. Attorney
    Email:  julia.martinez@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Richard Holzer (Via U.S. Mail)

    s/ Mary V. Butterton
    MARY V. BUTTERTON
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Mary_Butterton@fd.org
    Attorney for Richard Holzer